IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAMONT NORWOOD, # B-59125,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs.   ) | Case No. 14-cv-1165-MJR |
| ) | |
| **S.A. GODINEZ,** ) | |
| **THOMAS SPILLER,** ) | |
| **TERRI BRYANT,** ) | |
| **SHERRY BENTON,** ) | |
| **and SUZAN GRISWOLD,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, who is currently incarcerated at Pinkneyville Correctional Center ("Pinkneyville") serving an 11-year sentence, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have promulgated a meal plan and schedule at the prison that has deprived him of adequate nutrition, in violation of the Eighth Amendment.[1] He has indicated he wishes to bring this case as a class action (Doc. 1, p. 1).

According to the complaint, Defendant Bryant (Pinckneyville Food Service Administrator) changed the former three-meals-per-day plan at Pinckneyville approximately 18 months ago. Under the current schedule, inmates are served only two meals each day – a "brunch" at 10:00 a.m., and dinner at 5:15 p.m. Thus, there is a 17 to 18 hour interval between the dinner meal and brunch on the following day. In addition, Plaintiff asserts that the food

---

[1] Plaintiff herein was listed as one of five plaintiffs in a previous action raising nearly identical claims, filed by another Pinckneyville inmate on September 24, 2014. *Haywood v. Godinez*, Case No. 14-cv-1027-JPG-DGW (S.D. Ill.). Plaintiff was dismissed from that action on October 22, 2014, however, because he had not signed the complaint. As in the instant case, the plaintiff in *Haywood* is seeking class certification.

portions are undersized and consist of no more than 1200 calories per day. Defendants Spiller (Pinckneyville Warden), Godinez (Director of the Illinois Department of Corrections – "IDOC"), and Griswold (IDOC Food Administrator), had direct knowledge of Defendant Bryant's actions and approved of these changes. Plaintiff further claims that Defendant Godinez adopted this meal plan in an effort to save millions of dollars, and that Defendants Bryant and Spiller have omitted certain foods from inmates' meals and failed to fill their trays, in order to save money. The current meal plan is allegedly in violation of Department of Justice and F.D.A regulations.[2]

As a result of the nutritionally inadequate meals and the many hours Plaintiff is forced to wait to eat between the evening dinner and the next day's "brunch," Plaintiff has suffered a number of health problems. These include dizziness, loss of sleep, failure to comprehend while performing daily activities like reading, writing, or exercising; headaches, weight loss and loss of balance (Doc. 1, p. 5).

Plaintiff also claims that Defendant Godinez violated his First Amendment right to equal protection because prisoners in all other IDOC institutions are still fed three meals per day, while Pinkneyville inmates have been singled out to receive only the two nutritionally inadequate daily meals (Doc. 1, p. 7). In addition, Defendant Godinez made "falsified statements"[3] that the "starvation" program would only apply to weekends. *Id*.

Plaintiff includes one other Defendant, Sherry Benton of the IDOC's Administrative Review Board ("ARB"). He claims that she "could have abolished" the two-day meal program but chose to allow it to continue (Doc. 1, p. 7). In a motion filed on November 6,

---

[2] Plaintiff refers to certain exhibits in reference to this and several other allegations in the complaint. However, no exhibits were submitted with the complaint at the time it was filed. The only additional documents Plaintiff has provided are three affidavits from fellow inmates (Doc. 5).

[3] With reference to the "falsified statements," Plaintiff again refers to an "Exhibit D" that was not attached to his pleading.

2014 (Doc. 7), Plaintiff requests to remove Defendant Benton as a party and substitute Leslie McCarty (also of the ARB) in her place. In the motion, Plaintiff states that Defendant Benton did not review or deny his grievance. He thus implies that his grievance was reviewed at the ARB level by Leslie McCarty.

As relief, Plaintiff seeks an injunction against Defendant Godinez to halt the "brunch program" meal plan. He also requests money damages (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim (**Count 1**) against Defendants Godinez, Spiller, Bryant, and Griswold, for adopting and approving a meal schedule that has deprived Plaintiff of adequate nutrition and placed his health at risk. This claim shall proceed for further review.

However, Plaintiff's equal protection and "false statement" claims against Defendant Godinez (**Count 2**) shall be dismissed. Likewise, Plaintiff has no constitutional claim against the ARB staff (either Defendant Benton or Leslie McCarty) who ruled against Plaintiff in their review of his grievances (**Count 3**).

**Count 1 – Inadequate Nutrition**

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food,

medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

The denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1998) (serving inmates only two meals per day may satisfy the Eighth Amendment if the meals are nutritionally adequate); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."). Here, Plaintiff has alleged that the meals served at Pinckneyville are nutritionally deficient, which would satisfy the objective requirement of an Eighth Amendment claim. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). Whether or not the meal plan violates Department of Justice or F.D.A. regulations is of no consequence; a regulatory violation does not amount to a constitutional violation.

The Eighth Amendment has a subjective component as well. In order to be found liable, a prison official must have been deliberately indifferent to an inmate's health. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the defendant acted or failed to act

despite the defendant's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

Notably, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, administrators such as the warden and IDOC Director may not be held liable merely because of their supervisory positions. Instead, a defendant must have been personally involved in the constitutional deprivation in order for liability to attach. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An allegation that a supervisory defendant directed or gave knowing consent to the conduct which caused the constitutional violation is sufficient to plead personal involvement in the violation, even if the supervisor has not participated directly in the violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 621 (7th Cir. 2001); *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). Plaintiff's complaint suggests that Defendants Godinez, Spiller, and Griswold had at least this level of involvement in the two-meal-per-day policy.

At this stage of the case, Plaintiff may proceed on his claims in Count 1 that Defendants Godinez, Spiller, Bryant, and Griswold were deliberately indifferent to his basic need for adequate nutrition.

**Dismissal of Count 2**

Plaintiff fails to state an equal protection claim against Defendant Godinez for treating Pinckneyville inmates differently from prisoners in other institutions. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'"

*Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

The complaint does not suggest that the meal plan at Pinckneyville was implemented for the purpose of singling out that group of inmates with the intent of subjecting them to harmful treatment. Furthermore, an equal protection claim, even if supported by the factual allegations, would be redundant to the Eighth Amendment claim in Count 1 and subject to dismissal for that reason. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

Finally, even if Defendant Godinez made false statements regarding the new meal plan, Plaintiff does not have any constitutional right to demand that any prison official speak the truth. Thus, no constitutional claim arises from this allegation.

The equal protection claim and "false statement" claim against Defendant Godinez shall be dismissed with prejudice.

**Dismissal of Count 3**

Plaintiff's complaint stated that Defendant Bryant, through her position with the ARB, could have abolished the new meal plan, but she did not. The ARB is the division within

the IDOC which reviews inmate grievances when they are appealed beyond the institutional level. Plaintiff's motion (Doc. 7) to substitute Leslie McCarty of the ARB in place of Defendant Benton demonstrates that her involvement was limited to reviewing Plaintiff's grievance over the meal plan. A defendant's role in responding to prisoner grievances, or reviewing them on appeal, does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance. The mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Therefore, there is no reason to add Leslie McCarty as a defendant in the action, because she did not incur liability from having reviewed and denied Plaintiff's grievance.

Count 3 shall be dismissed with prejudice, Defendant Benton shall be dismissed from the action, and the motion (Doc. 7) to substitute party shall be denied.

**Class Action Status**

Plaintiff indicated on the first page of his complaint that he wanted this case to proceed as a class action. However, he has not filed any motion for class certification. Had he done so, the motion would be denied at this stage, because a *pro se* Plaintiff is not a proper class representative. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*,

Case No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

**Pending Motions**

The motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order, after Plaintiff supplies his inmate trust account statements in compliance with the order at Doc. 9.

Plaintiff's motions for recruitment of counsel (Docs. 3, 6) shall be referred to the United States Magistrate Judge for further consideration.

The motion to substitute party (Doc. 7) is **DENIED.**

**Disposition**

**COUNTS 2 and 3** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **BENTON** is **DISMISSED** from this action with prejudice.

As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **GODINEZ, SPILLER, BRYANT,** and **GRISWOLD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Docs. 3 and 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2014**

*s/ Michael J. Reagan*
Chief Judge
United States District Court